IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BERNARD GOWDY,               ) | |
| )                             | |
| Plaintiff,             ) | |
| )                             | |
| vs.                          ) | CIVIL NO. 09-850-GPM |
| )                             | |
| CALIBER AUTO TRANSFER OF ) | |
| ST. LOUIS, INC., CALIBER ) | |
| MANAGEMENT, INC., CALIBER AUTO ) | |
| TRANSFER COMPANIES, unincorporated ) | |
| entity acting as a partner, CALIBER ) | |
| AUTO TRANSFER, INC., and ) | |
| SCOTT DAVENPORT,             ) | |
| )                             | |
| Defendants.            ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion for remand of this case to state court for lack of federal subject matter jurisdiction brought by Plaintiff Bernard Gowdy (Doc. 19). In this case Gowdy alleges that, as a result of various kinds of misconduct, including deliberate misrepresentations, by Defendants Caliber Auto Transfer of St. Louis, Inc. ("Caliber St. Louis"), Caliber Management, Inc. ("Caliber Management"), Caliber Auto Transfer Companies ("Caliber Companies"), Caliber Auto Transfer, Inc. ("Caliber Inc."), and Scott Davenport, Gowdy was deprived of employment as a vehicle loader by Caliber St. Louis, Caliber Management, Caliber Companies, Caliber Inc., and Davenport, as well as representation by a union and unemployment benefits. Gowdy's operative complaint in this case asserts claims for breach of contract, fraud, willful and wanton conduct, negligence, violation of the Illinois

Page 1 of 6

Prevailing Wage Act, 820 ILCS 130/0.01 *et seq.*, violation of the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.*, and retaliatory discharge.[1]  This case was filed originally in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, and has been removed to this Court by Caliber St. Louis, which asserts federal subject matter jurisdiction on the basis of 28 U.S.C. § 1331. Caliber Management, Caliber Inc., and Davenport each have filed consents to the removal of the case; according to Caliber St. Louis's notice of removal, Caliber Companies is a non-existent entity, and therefore its consent to the removal of this case is not required.  *See City of Cleveland v. Deutsche Bank Trust Co.*, 571 F. Supp. 2d 807, 820 (N.D. Ohio 2008).  Caliber St. Louis, as the removing party in this case, has not yet responded to Gowdy's motion for remand of the case to state court, but the Court has reviewed the record of the case carefully and deems a response unnecessary to resolution of the motion.  The Court now rules as follows.

Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  In other words, "[a] defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action." *Kitson v. Bank of Edwardsville*, Civil No. 06-528-GPM, 2006 WL 3392752, at *1 (S.D. Ill. Nov. 22, 2006). The party seeking removal has the burden of establishing federal jurisdiction.  *See Welch v.*

---

1.  As the Court has had occasion to note in the past, the Court is not aware of a freestanding cause of action for willful and wanton conduct under Illinois law.  *See Bean v. Bayer Corp.*, Civil No. 09-747-GPM, 2009 WL 3065090, at *1 n.1 (S.D. Ill. Sept. 23, 2009); *Bourda v. Caliber Auto Transfer of St. Louis, Inc.*, 638 F. Supp. 2d 980, 982 n.1 (S.D. Ill. 2009).

*Norfolk S. Ry. Co.*, Civil No. 09-209-GPM, 2009 WL 2365596, at *1 (S.D. Ill. May 27, 2009). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Id*. (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). Said differently, "there is a strong presumption in favor of remand." *Bourda v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-519-GPM, 2009 WL 2356141, at *2 (S.D. Ill. July 31, 2009) (citing *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976)). *See also Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000) ("The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand.").

In general, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The usual test of whether an action arises under federal law is the "well-pleaded complaint" rule, which provides generally that a case arises under federal law for purposes of Section 1331 only when federal law appears on the face of a plaintiff's complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Bastien v. AT&T Wireless Servs., Inc.*, 205 F.3d 983, 986 (7th Cir. 2000); *Cox v. Strauch*, Civil No. 07-680-GPM, 2007 WL 2915593, at *2 (S.D. Ill. Oct. 5, 2007). The well-pleaded complaint rule requires generally that a complaint state a claim for relief under federal law. As Justice Holmes explained, "A suit arises under the law that creates the cause of action." *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916). *See also Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 909 (7th Cir. 2007); *Kalbfleisch v. Columbia Cmty. Unit Sch. Dist. Unit No. 4*, Civil No. 09-542-GPM, 2009 WL 2392724, at *1 (S.D. Ill. Aug. 5, 2009); *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007).

However, in a limited class of cases an action may arise under federal law within the meaning of 28 U.S.C. § 1331 even if the complaint in the case asserts no claim for relief under federal law where state law is "completely preempted" by federal law. Complete preemption occurs when "the preemptive force of a [federal] statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Nelson v. Stewart*, 422 F.3d 463, 466-67 (7th Cir. 2005) (quoting *Caterpillar*, 482 U.S. at 393). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* at 467. "In such situations, the federal statute 'not only preempt[s] state law but also authorize[s] removal of actions that sought relief only under state law.'" *Id.* (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6-7 (2003)). It is well settled that the Labor Management Relations Act of 1947 ("LMRA"), which is also known as the Taft-Hartley Act, 29 U.S.C. § 141 *et seq.*, is a statute that completely preempts state law so as to authorize removal of cases that purport to be brought solely under state law to federal court as cases arising under federal law. *See Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 23 (1983); *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 559-60 (1968); *Baker v. Kingsley*, 387 F.3d 649, 657 (7th Cir. 2004); *Graf v. Elgin, Joliet & E. Ry. Co.*, 790 F.2d 1341, 1344-45 (7th Cir. 1986). In particular, Section 301(a) of the LMRA, 29 U.S.C. § 185(a), mandates federal adjudication of all claims – including those ostensibly grounded in state law – that require substantial interpretation of a collective bargaining agreement ("CBA") for resolution. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985); *Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas*

*Flour Co.*, 369 U.S. 95, 104 (1962); *Smith v. Colgate-Palmolive Co.*, 943 F.2d 764, 768 (7th Cir. 1991); *Mitchell v. Pepsi-Cola Bottlers, Inc.*, 772 F.2d 342, 344-45 (7th Cir. 1985).[2]

According to the allegations of the complaint in this case, Caliber St. Louis, Caliber Management, Caliber Companies, Caliber Inc., and Davenport represented falsely to Gowdy that he had been hired and employed as a union laborer entitled to the protection of a collective bargaining agreement between Caliber St. Louis, Caliber Management, Caliber Companies, Caliber Inc., and Davenport, on the one hand, and United Iron Workers Local 396, on the other hand. Gowdy alleges further that as a result of the failure of Caliber St. Louis, Caliber Management, Caliber Companies, Caliber Inc., and Davenport to pay union dues on Gowdy's behalf he was deprived of union representation. In its notice of removal Caliber St. Louis points out that on June 10, 2009, it entered into a settlement agreement with the International Association of Bridge, Structural, Ornamental and Reinforcing, Iron Workers, AFL-CIO, Local 518 concerning charges of unfair labor practices that had been filed against Caliber St. Louis with the National Labor Relations Board. *See* Doc. 2 ¶¶ 9-11. It appears from the allegations of the notice of removal and documents submitted in support thereof that the charges of unfair labor practices at issue concerned Angela Ingram, Garfield Richards, Charles Bourda, Tamara Newsome, Dwayne Lawrence, Quinton Robinson, and Monica Miller. *See id.*; Doc. 3-2 at 1-4. It is unclear to the Court how, if

---

2. Section 301(a) of the LMRA, which governs "[v]enue, amount, and citizenship" in "[s]uits by and against labor organizations," provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). *See also Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 807 n.9 (7th Cir. 2009).

at all, the settlement establishes that resolution of Gowdy's state-law claims against Caliber St. Louis, Caliber Management, Caliber Companies, Caliber Inc., and Davenport will entail substantial interpretation of a CBA for purposes of complete preemption of those claims by 29 U.S.C. § 185(a). *See Caterpillar*, 482 U.S. at 394-99 (holding that terminated employees' claims that their employer had entered into and breached individual employment contracts with them were not completely preempted by federal labor law for purposes of removal to federal court, although the employees were members a collective bargaining unit at the time of their termination and could have brought suit for breach of a CBA under Section 301(a) of the LMRA; the employees, as masters of their complaint, chose to assert state-law claims that were not substantially dependent upon the interpretation of the CBA).

To conclude, the Court finds that Caliber St. Louis, as the removing Defendant in this case, has failed to show the existence of federal subject matter jurisdiction in this case. Accordingly, Gowdy's motion for remand of this case to state court (Doc. 19) is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), this action is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: October 27, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge